Date signed December 22, 2005



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

IN RE:                                    :
                                          :
JOSEPH BURGESS, SR.                       :    Case No. 05-33334PM
                                          :         Chapter 13
        Debtor                            :
- - - - - - - - - - - - - - - - - - - - -  :

## MEMORANDUM OF DECISION

This case is before the court upon counsel's Motion to Vacate the court's Order entered November 10, 2005, limiting compensation received by him. This bankruptcy case under Chapter 13 was filed on October 1, 2005. Counsel did not file the required Schedules and Statement of Financial Affairs or the Chapter 13 Plan. On October 4, 2005, before the meeting of creditors held pursuant to 11 U.S.C. § 341, Debtor moved to dismiss this case. The case was dismissed by Order entered October 6, 2005. That same date there was also entered an Order to Edward V. Hanlon, Debtor's counsel, to justify the fee received by him of $1,485.00 within ten days. The court waited a month before entering the Order complained of.

This court has the duty to examine debtors' transactions with attorneys, particularly individual debtors for whose benefit § 329 of the Bankruptcy Code provides.

**11 U.S.C. § 329. Debtor's transactions with attorneys**

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or

to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

 (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to--

  (1) the estate, if the property transferred--

   (A) would have been property of the estate; or

   (B) was to be by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

  (2) the entity that made such payment.

Because counsel's initial response only described the circumstances that made this case time consuming, the court requested a filing in the nature of a fee application in accordance with the Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland that appears as Appendix D to the Local Bankruptcy Rules. This was filed on December 21, 2005. After careful consideration of the additional submission and the matters stated on the record in open court and the extraordinary circumstances presented, the court will take no further action with respect to the fee charged by Mr. Hanlon for Debtor's representation.

cc:
Edward V. Hanlon, Esq., 5510 Cherrywood Lane, Suite G, Greenbelt, MD 20770
Joseph Burgess, Sr., 9805 Dorval Avenue, Upper Marlboro, MD 20772
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**